M. Paul Wright
State Bar No. IL 6298791
MP Wright Law Group, PLLC
3500 Maple Ave., Suite 420
Dallas, TX 75219
469-779-7787 (P)
469-327-2902 (F)

ATTORNEY FOR DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § § § CHARLES ANTHONY BARNES § § § DEBTOR § § | CASE NO. 15-30865-SGJ-13 CHAPTER: 13 |

## DEBTOR'S OBJECTION TO CLAIM OF CALIBER HOME LOANS, INC., CLAIM NUMBER 5

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW **CHARLES ANTHONY BARNES**, Debtor in the above-numbered and styled cause, who files this their Objection to Claim of Caliber Home Loans, Inc. ("Respondent"), and would respectfully show the Court as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157, 11 U.S.C. §1302 and F.R.B.P. 3002 and 3007.

2. On 3/2/2015, the Debtor filed a voluntary petition in bankruptcy under Chapter 13 of the Bankruptcy Code. The bar date for filing proof of claims was established on July 8, 2015

3. On or about July 8, 2015, Respondent filed a secured proof of claim in the amount of

$265,964.51.  Respondent's claim is incorporated throughout by reference.

4.     Debtor objects to Respondent's proof of claim because Debtor believes the claim to be both unsubstantiated and invalid. Specifically, Respondent's claim violates F.R.B.P. 3001(c) because it fails to include required attachments - attachments that would allow the Debtor and this Court to determine the veracity of the claim. Respondent's claim also contains conflicting information which calls into serious question the accuracy of the claim.

5.     The Federal Rules of Bankruptcy Procedure state that if, in addition to a principal amount, a claim includes interest, fees, expenses, or other charges, an itemized statement of those charges must be filed with the proof of claim. F.R.B.P. 3001(c).  Respondent's claim does include interest or other charges in addition to the principal amount of the claim. *See* Proof of Claim 5, page 1.  However, Respondent has not included any statements that explain the non-escrow tax advances claimed in the amount of $12,098.09.  Debtor has no way to verify that Respondent did indeed make these tax advances and if made, to what tax years they were applied.  Debtor would also note that Respondent's escrow analysis, generated after the present case was filed, indicates that Respondent paid over $14,000 from Debtor's non-existent escrow account in 2014 alone, including numerous payments for undefined "special assessments and util" [sic]. Furthermore, F.R.B.P. 3001(c) places the burden of production in this matter squarely on Respondent. Respondent has failed to meet its evidentiary burden regarding this portion of the claim, and this portion of the claim should be disallowed accordingly.

6.      Debtor also objects to the escrow shortage claim in the amount of $14,970.73. *See* Proof of Claim 5, page 38. According to Respondent's own claim, Debtor does not have an escrow account with Respondent. *See* Proof of Claim 5, page 3 (indicating that none of Debtor's ongoing

mortgage payments are applied to escrow).  Attached hereto and marked as "Exhibit A" is a true and correct copy of the proof of claim Respondent filed in Debtor's previous bankruptcy case, showing that Debtor's previous monthly mortgage payment matches the amount listed in Respondent's claim in this case, which includes only principal and interest. *See* Exhibit A, page 5.  Therefore, there cannot be an escrow shortage.

7.     Debtor would further show that Respondent did not file a Notice of Payment Change in his prior case,which would indicate that Debtor's monthly payment was being altered to include a payment toward an escrow account.  The Northern District holds that a claim must be based upon sufficient facts which would allow, as a matter of equity, to have the document accepted as *prima facie* evidence of the validity of a claim. *In re Armstrong*, 320 B.R. 97, 103-104 (N.D. Tex. 2005)(citing *In re Scholz*, 57 B.R. 259 (Bankr.N.D. Ohio 1986).  Respondent's own claim, as well as information taken from prior years, indicates that Debtor does not have an escrow account with Respondent, directly contradict Respondent's claim that an escrow shortage exists.  A document cannot, as a matter of equity, serve as *prima facie* evidence of the validity of a claim when the document conflicts with itself on its face. Respondent's claim for an escrow shortage should be disallowed accordingly.

8.     Debtor also objects to Respondent's claim for an escrow deficiency in the amount of $1,126.21. *See* Proof of Claim 5, page 37.  For the reasons stated above, Respondent's assertion that Debtor had an escrow account with Respondent on the date this case was filed appears to be incorrect.  Therefore, any claim that an escrow deficiency exists is plainly improper.  Respondent includes in its proof of claim evidence that, prior to April 1, 2015, Debtor's monthly payment did not include an escrow deposit. *See* Proof of Claim 5, page 37 (showing that Respondent

attempted to add an escrow deposit to Debtor's monthly payment only after an analysis on March 11, 2015). Additionally, even this analysis is invalid as to create an escrow deposit on this account, since the escrow analysis was performed after the date of filing in this case, and Respondent's claim lists elsewhere that the monthly payment as of April 1, 2015 does not, in fact, include an escrow deposit. *See* Proof of Claim 5, page 3. Respondent has not filed a Notice of Payment Change in this case as would be required by F.R.B.P. 3002.1 if Respondent did attempt to increase Debtor's monthly payment to include an escrow deposit, so any assertion now that Debtor owes any escrow payments to Respondent is plainly improper. For these reasons, Respondent's claim regarding any escrow deficiency should be denied.

WHEREFORE, PREMISES CONSIDERED, Debtor, CHARLES ANTHONY BARNES pray that the Court sustain Debtor's objection; and DISALLOW Respondent's claim for (1) tax advances in the amount of $12,098.09, (2) an escrow shortage in the amount of $14,970.73, and (3) an escrow deficiency in the amount of $1,126.21 ; and for such other and further relief as the Court deems just.

DATED: November 30, 2015

        Respectfully Submitted,

        MP WRIGHT LAW GROUP, PLLC

        /s/M. Paul Wright
        M. Paul Wright
        State Bar No. IL 6298791
        MP Wright Law Group, PLLC
        3500 Maple Ave, Suite 420
        Dallas, TX 75219
        P 469.779.7787
        F 469.330.2902

ATTORNEY FOR DEBTOR

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on <u>December 2. 2015</u>, a true and correct copy of the foregoing Debtor's Objection to Claim of Caliber Home Loans, Claim Number 5 was served upon the following parties in interest via electronic means as listed on the court's ECF noticing system and on the attached mailing matrix by U.S. mail.

**DEBTOR**
Barnes, Charles Anthony
2010 Elm Falls Place
Mesquite, TX 75181

**CHAPTER 13 TRUSTEE**
Thomas Powers
123 E. John Carpenter Fwy., Suite 1100
Irving, Texas 75062

**UNITED STATES TRUSTEE**
US Trustee
1100 Commerce Street, Rm 974
Dallas, TX 75242

**RESPONDENT**
Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK 73134